

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DEBORAH STEWART** | **CIVIL ACTION** |
|       **Appellant** | **NO. 06-1702** |
| | |
| **VERSUS** | |
| | |
| **JO ANNE B. BARNHART** | **JUDGE DEE D. DRELL** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE JAMES D. KIRK** |
|       **Appellee** | |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Deborah Stewart filed an application for Disability Insurance Benefits ("DIB") on or about January 13, 2004 in which she set forth a disability date of December 5, 2003 due to Hepatitis C. (R. 74-88,266). The claim was initially denied and Stewart timely filed a request for a hearing before a Federal Administrative Law Judge ("ALJ"). (R. 30).

Administrative Law Judge, Lawrence T. Ragona, held a hearing on December 7, 2005. Stewart, her attorney, J.Q. Davis, and vocational expert, Dr. George Hearn, were in attendance. (R. 265). The ALJ issued a decision on February 3, 2006 denying benefits. (R. 15-23). Stewart filed a request for review of the ALJ's decision on February 15, 2006 (R. 11, 255-262). The Appeals Council declined review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner"). (R. 5-7). Stewart thereafter filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for DIB under Title II of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. 1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

SUMMARY OF PERTINENT FACTS

At the time of the administrative hearing, Stewart was 39 years old and lived with her husband and twelve year old step-daughter in the community of Ajax, located near Coushatta, Louisiana. (R. 267). Stewart testified she completed the ninth grade in regular classes, that she could read and write fairly well, but she could not count money. (Id.) She never attempted to obtain her GED but she did enroll in a ten week course at a vocational and technical school where she obtained her certification as a Certified Nursing Assistant ("CNA"). (R. 268). She further testified that she quit working in approximately December of 2003 because her back was bothering her, the cyst on her arm made it hard to grip and she was fatigued. (R. 270).

-2-

Stewart testified that she had trouble walking, could only stand or walk five or ten minutes without experiencing discomfort and she had problems sitting. (R. 273). She said that her step-daughter helps her with the housework and laundry, and she cooked, drove, grocery shopped and carried light grocery bags. (R. 274-275).

In addition to her physical problems, Stewart suffered from depression and anxiety. She received treatment at Louisiana State University Medical Center, Shreveport ("LSU-MC"), and was prescribed medication. (R. 224-235). Stewart was evaluated by Dr. Sandra Durdin on behalf of the Disability Determination Services ("DDS"), and she concluded that Stewart suffered from depression and an anxiety disorder both of which were moderate and attributed to her medical condition, hepatitis C. (R. 194).

The ALJ found Stewart was unable to perform her past relevant work as a CNA or a cook, had no transferable skills from her past work and was a "younger individual" with a "limited education". (R. 23). Additionally, he found Stewart's depression, anxiety disorder, back pain and hepatitis C "severe"; however, these "severe" impairments did not meet or medically equal the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (R. 22). The ALJ also found Stewart's testimony regarding her limitations to be less than credible as she had not complained to her treating physicians about back pain, saw only one orthopaedist and that was at the request of her attorney, and relied upon over the counter

-3-

medication to alleviate her pain. (R. 20,23).

The ALJ found that Stewart had the residual functional capacity to perform a moderate range of light work except as limited by one to two step instructions, her inability to stand, walk or sit more than six hours of an eight hour day, the inability to lift or carry more than twenty pounds occasionally and ten pounds frequently and her inability to interact with the public. (R. 23). The ALJ also concluded that based upon the vocational expert's testimony, substantial gainful employment for which Stewart qualified existed in the national economy. Specifically noted were the occupations of food service worker, housekeeper and assembly worker. (R. 23). Accordingly, Stewart was deemed not to meet the definition of disabled as set forth in the Social Security Act. (R. 23).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162

(5th Cir. 1994), citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988); <u>Dellolio</u>, 705 F.2d at 125.

### ISSUES

Stewart raises the following issues for appellate review:

1.  The Administrative Law Judge did not have substantial evidence to support his decision of finding that Deborah Stewart is not disabled;

-5-

2.    The Administrative Law Judge failed in his duty as it
relates to the burden of the Social Security
Administration in finding that there are jobs available
in significant numbers in the economy that Deborah
Stewart could maintain the job.

In support, Stewart sets forth essentially three arguments: that the evidence does not support the ALJ's residual functional capacity assessment and ultimate determination that Stewart is not disabled; that the ALJ improperly disregarded the reports and opinions of her treating physicians; and, that the subsequent award of disability benefits effective February 4, 2006 (one day after the ALJ's denial of benefits) proves she met the definition of disabled.

Stewart argues that the reports presented by Dr. John Sandifer, an orthopaedic surgeon, and Dr. Richard Galloway, a licensed rehabilitation counselor, (both of whom evaluated Stewart at the request of her attorney) showed that she did not possess the residual functional capacity determined by the ALJ and the restrictions and limitations placed upon her prevented her from maintaining employment. The ALJ properly disregarded both of these reports.

In Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001) the Fifth Circuit stated that ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability. However, when good

-6-

cause[1] is shown for disregarding the opinion, less weight, little weight, or even no weight may be given to the treating physician's testimony. Dr. Sandifer's recommendation that Stewart not engage in repetitive overhead lifting, stooping crawling, climbing, pushing or pulling, limit below shoulder level lifting to fifteen pounds and not sit more than twenty minutes at a time or three hours in an eight hour day was properly rejected as not supported by the evidence in the record.

Sandifer's own report states that Stewart has full range of motion in her shoulders, elbows and cervical spine, her gait is normal, and though her range of motion in her lumbar spine is somewhat restricted, her X-rays show "no significant abnormalities other than [a] slight decrease in the L5/S1 disc space." (R. 237). Stewart's testimony during the hearing and her activities of daily living form reveal that she cooks for her family, does laundry, cleans, grocery shopping, carries light grocery bags, drives and rides in cars, does not have trouble sitting, reaching or kneeling, does not use a cane, crutch or walker and her walking and ability to do household chores is limited by shortness of breath and fatigue (not back pain). (R. 99-103, 274-76). Additionally, the LSU-MC records which comprise the majority of Stewart's medical

---

[1]    The good cause exceptions recognized by the Fifth Circuit include disregarding statements that are brief, conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence.

records do not reference a single complaint or treatment for back pain and there are no notations that pain medication, such as hydrocodone, was prescribed.

The reports and opinions of rehabilitation counselor, Dr. Galloway, were also properly rejected by the ALJ because his first report contained conclusory statements which were not based upon any vocational restrictions and his second report was based entirely upon Dr. Sandifer's report which was properly rejected by the ALJ.

The ALJ's determination that Stewart's subjective complaints of back pain lacked credibility is also supported by substantial evidence.   A claimant's symptoms, including pain, will be determined to diminish a claimant's capacity for basic work activities to the extent that the claimant's alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence.   20 C.F.R. §404.1529(c)(4).   Although severe pain can constitute a nonexertional impairment, pain is a disabling condition only when it is constant, unremitting and wholly unresponsive to therapeutic treatment.   Johnson v. Sullivan, 894 F.2d 683, 685 (5th Cir. 1990); Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

While pain can be severe enough to create a disabling condition, the evaluation of a claimant's subjective symptoms is a

task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. Elzy v. Railroad Retirement Bd., 782 F.2d 1223, 1225 (5th Cir. 1986); Loya v. Heckler, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. James v. Bowen, 793 F.2d 702, 706 (5th Cir. 1986); Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991); Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. Falco v. Shalala, 27 F.3d 162, 163-64 (5th Cir. 1994).

The ALJ noted that Stewart's testimony regarding her daily activities, restrictions and symptoms were considered along with objective evidence and her medical diagnosis. He found that she "does not have any of the stigmata frequently observed in patients who suffer constant unremitting pain, which is totally unresponsive to therapeutic measures." (R. 19). Stewart's use of over-the-counter medicine rather than prescription medications to control her pain fell short of "demonstrating the presence of pain that is so severe the claimant cannot perform any work on a regular and continuing basis." (R. 20). He also noted her complaints of back

pain to be vague, and she did not seek treatment for back pain except for the one appointment with Dr. Sandifer which was scheduled by her attorney.   Finally, with respect to her credibility regarding pain and the inability to work, the ALJ stated,

> [m]ore telling of her complaints are the claimant's actual activities. The claimant reported she is able to drive, grocery shop and do the laundry. The performance of these activities is not inconsistent with the performance of many of the basic activities of work. (R. 20).

Since the ALJ in this case has made the mandatory indication of the basis for his credibility choices concerning plaintiff's complaints, and since his choices are not unreasonable, his finding that Stewart's pain would not prevent her from performing work is proper.   Carry v. Heckler, 750 F.2d 479, 485-86 (5th Cir. 1985). Substantial evidence supports the Commissioner's residual functional capacity assessment and conclusion that Stewart is not disabled by pain.

Vocational expert, Dr. George Hern, relied upon the ALJ's residual functional capacity assessment in determining what jobs Stewart could perform.   Dr. Hern advised that three positions existed in significant numbers: food service worker, housekeeper, and assembler.   Neither Stewart nor her attorney took issue with the hypothetical posed by the ALJ to Dr. Hern either during the hearing or in briefs to this court.   Instead, Stewart argues Dr.

Sandifer's restrictions, including that she should not work in the
food industry because of her hepatitis C, and her own testimony
prove she cannot perform any job. This argument is without merit as
it is based upon a report and testimony which was properly rejected
by the ALJ.

Finally, Stewart's argument that the subsequent award of
disability benefits in August of 2006 proves she was disabled since
her date of disability is without merit. The court's jurisdiction
in this Social Security case is a wholly appellate review on the
administrative record. Therefore, Social Security plaintiff's are
denied the opportunity to present new evidence to a reviewing court
outside the context of a request to remand. Ellis v. Bowen, 820
F.2d 682, 684 (5th Cir. 1987); 42 U.S.C. § 405(g).

The pertinent part of 42 U.S.C. § 405(g) which authorizes this
Court to remand a Social Security case to the Commissioner, states:

"The court...may at any time order additional evidence to
be taken before the Commissioner, but only upon a showing
that there is new evidence which is material and that
there is good cause for the failure to incorporate such
evidence into the record in a prior proceeding..."

In order to justify a remand, the evidence must be (1) new,
(2) material, and (3) good cause must be shown for the failure to
incorporate the evidence into the record in a prior proceeding.
Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987). A remand to
the Commissioner is not justified if there is no reasonable
possibility that it would have changed the outcome of the

Commissioner determination.

Evidence is "new" if it is not cumulative and adds to the evidence already existing in the case. Bradley, 809 F.2d at 1058. "Materiality" is composed of two strands, relevance and probativeness. Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981). To be relevant, the new evidence must relate to the time period for which benefits were denied and cannot concern evidence of a later acquired disability or subsequent deterioration of a previously non-disabling condition. Bradley, 809 F.2d at 1058; Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985).

Though Stewart loosely argues that remand is warranted, she does not articulate reasons why. Stewart fails to provide any details regarding the information on which the subsequent award was based. There is nothing to indicate that it was not simply based upon subsequent deterioration of what the ALJ previously considered to be a non-disabling condition. Accordingly, Stewart failed to carry her burden in proving that there is new evidence which requires a remand of the matter.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Stewart's appeal is DENIED and that the final decision of the Commissioner be AFFIRMED.

Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

-12-

Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond too another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING AN APPEAL ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of July, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

-13-